246

In the Matter of ALBERT EINSTEIN, an Attorney, Respondent.
In the Matter of KARL S. LOWENTHAL (Admitted as SOLOMON S.
LOWENTHAL), an Attorney, Respondent. ASSOCIATION OF THE
BAR OF THE CITY OF NEW YORK, Petitioner.

First Department, June 4, 1964.

*John G. Bonomi* of counsel (*Raymond P. Whearty* with him on the brief), for petitioner.

*Isidore L. Friedman* for Albert Einstein, respondent.

*Joseph E. Brill* for Karl S. Lowenthal, respondent.

*Per Curiam.* Respondent Albert Einstein is charged as follows: (1) receiving various sums to influence him in his official capacity as investigator for the New York State Lottery Commission; and (2) false testimony, immediately recanted, before the New York State Investigation Commission. The answer admits the allegations of fact and alleges extenuating circumstances. The Referee found the charges were not sustained. On the record and the respondent's admissions we

find the charges have been sustained. Petitioner's motion to disaffirm the report and for other relief is granted to the extent of sustaining the two charges.

Respondent Karl S. Lowenthal is charged as follows: (1) paying various sums to influence respondent Einstein in his official capacity; (2) falsely denying to petitioner's committee the making of said payments; and (3) refusal to testify before said committee, grounded on an alleged attorney-client privilege without basis factually and legally. The Referee found the charges were not sustained. We have carefully reviewed the record and find it sustains the three charges. Respondent's motion to confirm the report is denied and the petitioner's motion to disaffirm and for other relief is granted to the extent of sustaining the three charges.

Respondent Einstein was admitted to the Bar in the First Department in December, 1946. He passed a civil service examination for the position of investigator for the State Lottery Commission and was appointed to said position in April, 1960.

Respondent Lowenthal was admitted to the Bar in the Second Department in June, 1932. He has since been engaged in the practice of law except between 1943 and 1946 when he served in the armed forces.

Lowenthal prepared and caused to be filed the certificate of incorporation of Pubplay, Inc., whose address was that of Lowenthal's office. William Buckner, since deceased, was the principal of Pubplay, Inc. It was the lessee of space at a hotel in the Borough of Manhattan. The space was subleased to various organizations licensed to conduct bingo games.

In the course of an investigation of licensees, Einstein sought from Lowenthal information relative to Pubplay, Inc. Between September and December, 1960 payments were made by Lowenthal to Einstein, admitted by the latter and denied by the former. At a hearing before the State Investigation Commission held January, 1961, Einstein initially denied but immediately recanted and admitted the receipt of said payments.

Respondent Einstein asserts he was tempted by respondent Lowenthal at a time when he was under financial stress. The record establishes Einstein solicited loans from other licensees under circumstances suggesting no obligation to repay. We conclude on this record that Einstein solicited funds from Lowenthal. However, Lowenthal on this record was willing to make and did not resist the payments. Lowenthal also compounded his misconduct by initially falsely denying the payments and later asserting the attorney-client privilege, factually

and legally baseless, in refusing to testify fully as to his knowledge of payments to Einstein.

Respondent Einstein's misconduct is most serious and reprehensible. Although he was completely frank and co-operative in this proceeding, he must be disciplined. Einstein should be suspended for a period of three years. (*Matter of Glassman,* 19 A D 2d 146.)

Respondent Lowenthal was sought out. However, he should have refrained from complying with Einstein's importunities. Lowenthal denied and Einstein admits his official conduct was not influenced. Nevertheless, payments to an official in the course of the discharge of his official duties may not be countenanced under any circumstances. (See Penal Law, §§ 372, 378; Rules of the Supreme Court, Appellate Division, First Department, part 4, rule XIII.) Lowenthal should be suspended for a period of three years.

BREITEL, J. P., McNALLY, STEVENS, EAGER and STEUER, JJ., concur.

Respondents suspended for a period of three years.